**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **VIRGIL TALLEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-180-SDJ-KPJ** |
| | § | |
| **PEPO TSVETANOV, *et. al.*,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court are the following motions:

•     Defendant Pepo Tsvetanov's ("Tsvetanov") Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (5) and (6) (the "Motion to Dismiss") (Dkt. 19), to which Plaintiff Virgil Talley ("Plaintiff") did not file a response; and

•     Plaintiff's Notice/Motion for Summary Judgment FRCVP-Rule 56 (the "Motion for Summary Judgment") (Dkt. 21), to which Tsvetanov filed a response (the "Response") (Dkt. 23).

For the reasons that follow, the Court recommends that the Motion to Dismiss (Dkt. 19) be

**GRANTED IN PART** and **DENIED IN PART** and the Motion for Summary Judgment (Dkt. 21)

be **DENIED WITHOUT PREJUDICE**.

**I.     BACKGROUND**

On March 6, 2023, Plaintiff, proceeding *pro se*, filed the Complaint for Interpleader and

Declaratory Relief (the "Complaint") (Dkt. 1) against Tsvetanov, as "VP, CFO [of] Capital One

Auto Finance," Capital One Auto Finance, and Toyota of North Miami (collectively,

"Defendants").[1] Dkt. 1 at 1–2. In the Complaint (Dkt. 1), Plaintiff alleges that on November 12,

---

[1] To date, summons has not been issued as to Capital One Auto Finance or Toyota of North Miami.

2019, he purchased a 2018 Honda Civic EX (the "Honda Civic") from Toyota of North Miami. *Id.* at 6. Plaintiff alleges that the purchase was financed by Capital One Auto Finance. *Id.* In addition to interpleader, Plaintiff generally asserts violations of the Truth in Lending Act ("TILA"), as well as claims for fraud, nondisclosure, and illegal conversion. *Id.* at 3, 6.

As of October 2024, Plaintiff had not paid the required filing fee and had not served Defendants in this case. On October 17, 2024, the Court ordered Plaintiff to either pay the filing fee or submit an application to proceed *in forma pauperis* within thirty (30) days. Dkt. 12 at 1. The Court also ordered Plaintiff to serve Defendants within sixty (60) days of the order. *Id.* On November 3, 2024, Plaintiff filed his Motion to Proceed In Forma Pauperis (Dkt. 14), which the Court granted. *See* Dkts. 14–15. On January 5, 2024, Plaintiff returned summons as to Tsvetanov. Dkt. 18. The proof of service indicates that summons was served on "Akeem Jones" as the authorized agent of Tsvetanov at "1680 Capital One Dr., McLean, VA 22102." *Id.* at 1.

On January 18, 2024, Tsvetanov filed the Motion to Dismiss (Dkt. 19) by special appearance seeking dismissal of the case for insufficient process, lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim. *See* Dkt. 19 at 1.

On February 1, 2024, Plaintiff filed the Motion for Summary Judgment (Dkt. 21), wherein Plaintiff generally asserts that he "is entitled to relief in this equitable claim" because Defendants "are estopped for failure to respond to original administrative process" and "Plaintiff has placed the facts and law before this honorable Court." Dkt. 21 at 4. Plaintiff also asserts that at the time of the Motion for Summary Judgment (Dkt. 21), he had not received service of the Motion to Dismiss (Dkt. 19). *Id.* at 3–4.

On February 7, 2024, Tsvetanov filed the Amended Certificate of Service of Specially-Appearing Defendant Pepo Tsvetanov's Motion to Dismiss (the "Amended Certificate of Service")

(Dkt. 22), wherein Tsvetanov's counsel represents that upon investigating whether the Motion to Dismiss (Dkt. 19) was served on Plaintiff, he was unable to verify that the Motion to Dismiss (Dkt. 19) was served by mail. Dkt. 22 at 2. Tsvetanov's counsel further represents that on February 7, 2024, he emailed and sent by first-class U.S. mail the Motion to Dismiss (Dkt. 19) to Plaintiff and spoke to Plaintiff over the phone to explain the clerical error and communicate that the Motion to Dismiss (Dkt. 19) had been resent. *Id.* at 1–2.

On February 23, 2024, Tsvetanov filed the Response (Dkt. 23), wherein he argues that the Court should deny the Motion for Summary Judgment (Dkt. 21) because Plaintiff has failed to comply with Local Rule CV-56 and has otherwise failed to meet his burden under Federal Rule of Civil Procedure 56. Dkt. 23 at 2.

## II.    LEGAL ANALYSIS

### A.    Screening Pursuant to 28 U.S.C. § 1915

Prior to considering the pending motions, the Court finds it proper to assess whether the Complaint (Dkt. 1) states a claim for which relief may be granted.

#### 1.    Legal Standard

If a plaintiff is proceeding *in forma pauperis*, the Court must dismiss the case if, at any time, the Court determines the complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("The district court may dismiss an *in forma pauperis* proceeding 'before service of process or before the filing of the answer' as long as certain safeguards are met." (quoting *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990))). In reviewing a plaintiff's complaint under Section 1915, the Court applies the same standard that is applied to motions filed under Federal Rule of Civil Procedure 12(b)(6). *Legate v. Livingston*, 822 F.3d 207, 209–10 (5th Cir. 2016).

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of an action if the plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Because dismissals under Rule 12(b)(6) are disfavored, the Court must accept all well-pleaded facts in the plaintiff's complaint as true, "even if doubtful or suspect," and view them in the light most favorable to the plaintiff. *Peña Arita v. United States*, 470 F. Supp. 3d 663, 680 (S.D. Tex. 2020). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

A claim will survive an attack under Rule 12(b)(6) if, considering all well-pleaded facts, the complaint states a plausible claim for relief, rather than "the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The well-pleaded facts must allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* When considering a motion to dismiss for failure to state a claim, the Court's review is limited to the complaint, any document attached to the complaint, and any document attached to the motion to dismiss that is central to the claim and referenced by the complaint. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

## 2.    Analysis

Plaintiff initiated this civil action using a federal form for *pro se* plaintiffs, Pro Se 12, titled Complaint for Interpleader and Declaratory Relief. *See* Dkt. 1. Form Number Pro Se 12 assists *pro se* plaintiffs in pleading a claim for interpleader by walking the plaintiff through each of the

required pleadings to sufficiently allege facts as to the basis for jurisdiction and venue, the statement of interpleader action, and the requested relief. Upon review of the Complaint (Dkt. 1), the Court finds the Complaint (Dkt. 1) fails to allege sufficient facts to state a claim for relief.

In the Complaint (Dkt. 1), Plaintiff asserts that he is bringing this interpleader action under Federal Rule of Civil Procedure 22. *Id.* at 3. "Rule 22(a) of the Federal Rules of Civil Procedure allows a plaintiff who holds property to join persons with claims to that property as defendants into an interpleader action when those claims 'may expose a plaintiff to double or multiple liability.'" *State Farm Life Ins. Co. v. Beard*, No. 22-cv-59, 2022 WL 17726680, at *2 (E.D. Tex. Sept. 20, 2022) (quoting FED. R. CIV. P. 22(a)). Interpleader actions proceed in two stages:

> In the first stage, the district court decides whether the requirements for rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund. If the district court finds that the interpleader action has been properly brought the district court will then make a determination of the respective rights of the claimants.

*Auto Parts Mfg. Miss., Inc. v. King Constr. of Hous., L.L.C.*, 782 F.3d 186, 193 (5th Cir. 2015) (quoting *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999)). "A court considers the merits of the claimants' claims to the fund and the proper distribution of the fund only if the statutory elements for an interpleader action are met." *Id.* (citing *Rhoades*, 196 F.3d at 600). Here, Plaintiff has identified property, the Honda Civic, but Plaintiff has not identified any claims, let alone multiple claims, from Defendants that would result in Plaintiff's liability. *See* Dkt. 1 at 6. Thus, the Complaint (Dkt. 1) fails to allege sufficient facts to state a claim for interpleader relief.

In reviewing the Complaint (Dkt. 1), it appears that Plaintiff may also be asserting claims for violations of TILA, fraud, fraud by non-disclosure, and conversion. *See id*. at 6–7. When stating the basis for the Court's jurisdiction, Plaintiff identifies that his claims arise out of the following provisions of TILA: 15 U.S.C. §§ 1605, 1635, 1611, and 1602(h)–(o). *Id*. at 3. TILA "has the

broad purpose of promoting 'the informed use of credit' by assuring 'meaningful disclosure of credit terms' to consumers." *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559 (1980) (quoting 15 U.S.C. § 1601). Accordingly, TILA "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). A creditor's failure to comply with TILA can lead to civil liability, *see* 15 U.S.C. § 1640, but not all provisions of TILA provide a private cause of action. Two of the sections cited by Plaintiff—Section 1602, Definitions and Rules of Construction, and Section 1611, Criminal Liability for Willful and Knowing Violation—do not provide private causes of action. *See* 15 U.S.C. §§ 1602, 1611; *see also Matthews v. Ally Bank*, No. 23-cv-5106, 2024 WL 2941491, at *4 (N.D. Ga. May 7, 2024) (finding the plaintiff cannot state a viable claim under Section 1602 because this section does not provide a private cause of action); *James v. Ally Bank*, No. 21-cv-925, 2023 WL 1093891, at *5 (E.D. Tex. Jan. 3, 2023) ("Section 1611 provides for criminal liability for willful and knowing violations of TILA and does not provide a private civil right of action." (collecting cases)), *R. & R. adopted*, 2023 WL 1081270 (E.D. Tex. Jan. 27, 2023). Thus, the Complaint (Dkt. 1) fails to state a claim under Sections 1602 and 1611.

Section 1635 provides that "in the case of any consumer credit transaction . . . in which a security interest . . . is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction." 15 U.S.C. § 1635(a). The only property mentioned in the Complaint (Dkt. 1) is the Honda CRV which, as a vehicle, does not qualify as Plaintiff's principal dwelling. *See Walker v. U.S. Bank*, No. 21-cv-758, 2021 WL 5701498, at *3 (N.D. Tex. Nov. 1, 2021) (finding that the

plaintiff's claim under Section 1635 failed as a matter of law because this provision did not give him a right of recission for his financed purchase of a vehicle because the only security mentioned was the vehicle), *R. & R. adopted*, 2021 WL 5630922 (N.D. Tex. Nov. 30, 2021). Thus, the Complaint (Dkt. 1) fails to state a claim under Section 1635.

Section 1605 requires creditors to disclose finance charges to consumers. 15 U.S.C. § 1605. Finance charges are defined as "any charge payable directly or indirectly by the consumer and imposed directly or indirectly by the creditor as an incident to or condition of the extension of credit." 12 C.F.R. § 226.4(a). Plaintiff has alleged no facts that Defendants failed to disclose finance charges. Thus, the Complaint (Dkt. 1) fails to state a claim under Section 1605.

Finally, in a single sentence, Plaintiff generally asserts: "Defendant's [sic] actions were consistent with fraud, nondisclosure, [and] illegal conversion *inter alia*." Dkt. 1 at 6 (italics added). Plaintiff has alleged none of the elements required for these claims and no facts in support of these claims. Accordingly, the Court cannot discern any claim for fraud, nondisclosure, or illegal conversion that would entitle Plaintiff to relief.[2] Thus, the Complaint (Dkt. 1) fails to state a claim for fraud, nondisclosure, or illegal conversion.

Plaintiff has failed to allege facts sufficient to move his claims from conceivable to plausible; that is, Plaintiff's threadbare, conclusory, vague, and unspecific assertions are not enough to state a claim upon which relief may be granted. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (cleaned up)). Thus, the Court recommends that the Complaint (Dkt. 1) be

---

[2] The Court further notes that, to the extent that Plaintiff's claims for fraud, nondisclosure and illegal conversion are separate and distinct from his claims under TILA, these claims would arise under state tort law. Plaintiff in the Complaint (Dkt. 1) alleges that he purchased the Honda Civic from Toyota of North Miami. *See* Dkt. 1 at 6. Thus, it is unclear from the Complaint (Dkt. 1) whether these claims are governed by Florida tort law or Texas tort law.

dismissed for failure to state a claim for relief under Section 1915. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    The Motion to Dismiss (Dkt. 19)**

In the Motion to Dismiss (Dkt. 19), Tsvetanov seeks dismissal of Plaintiff's claims for insufficient service of process, lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim. *See* Dkt. 19 at 1. Tsvetanov also seeks to quash service of the citation, in the alternative of dismissal, for insufficient service of process. *See id.* at 3. Given the Court's recommended dismissal of the Complaint (Dkt. 1) based on Plaintiff's failure to state a claim, Tsvetanov's arguments for lack of subject matter jurisdiction and failure to state a claim are moot.[3] *See id.* at 8–12. Accordingly, Tsvetanov's arguments for lack of personal jurisdiction and insufficient service of process are the only issues remaining before the Court. *See id.* at 3–8. Upon consideration, the Court finds that Plaintiff has failed to allege personal jurisdiction over Tsvetanov and failed to properly serve Tsvetanov.

**1.    12(b)(2)**

**i.    Legal Standard**

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. "After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists." *Lahman v. Nationwide Provider Sols.*, No. 17-cv-305, 2018 WL

---

[3] The Court finds that the bases for dismissal for lack of subject matter jurisdiction is actually just an attack on the merits of Plaintiff's federal claims. Specifically, Tsvetanov argues that Plaintiff fails to state a claim under TILA and thus, the Court does not have subject matter jurisdiction in this case. *See* Dkt. 19 at 9, 11–12. "In circumstances where 'the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case' under either Rule 12(b)(6) or Rule 56." *Montez v. Dep't of the* Navy, 392 F.3d 147, 150 (5th Cir. 2004) (omission in original) (quoting *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981)). Thus, the Court need not address Tsvetanov's subject matter jurisdiction argument because the Court considered the sufficiency of Plaintiff's allegations when recommending dismissal under 28 U.S.C. § 1915.

3035916, at *4 (E.D. Tex. June 19, 2018) (citing *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)). "To satisfy that burden, the party seeking to invoke the court's jurisdiction must 'present sufficient facts as to make out only a prima facie case supporting jurisdiction,' if a court rules on a motion without an evidentiary hearing." *Id.* (quoting *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000)). "When considering the motion to dismiss, '[a]llegations in [a] plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits.'" *Id.* (quoting *Int'l Truck & Engine Corp. v. Quintana*, 259 F.Supp.2d 553, 557 (N.D. Tex. 2003)). However, "[t]he prima-facie-case requirement does not require the court to credit conclusory allegations, even if uncontroverted." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (first citing *Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 326 n.16 (5th Cir. 1996); and then citing *Massachusetts Sch. of L. at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998)).

Courts conduct a two-step inquiry when a defendant challenges personal jurisdiction: (1) the defendant "must be amenable to service of process" under Texas' long-arm statute; and (2) the "assertion of jurisdiction" over the defendant must comport with the Due Process Clause of the Constitution. *Jones v. Petty–Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992). The Texas long-arm statute confers jurisdiction to the limits of due process under the Constitution. *Command-Aire Corp. v. Ont. Mech. Sales & Serv. Inc.*, 963 F.2d 90, 93 (5th Cir. 1992). "Therefore, the sole inquiry that remains is whether personal jurisdiction offends or comports with federal constitutional guarantees." *Green Ice Tech., LLC v. Ice Cold 2, LLC*, No. 17-cv-341, 2018 WL 3656476, at *5 (E.D. Tex. Aug. 1, 2018) (citing *Bullion*, 895 F.2d at 216). Federal due process permits personal jurisdiction over a nonresident defendant that has "minimum contacts" with the forum state, subject to the limit of not offending "traditional notions of 'fair

play and substantial justice.'" *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (quoting *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2009)).

"The extent of the contacts determines whether the court's jurisdiction is specific or general." *Engel v. Hilton Worldwide*, No. 20-2249, 2020 WL 5441568, at *4 (S.D. Tex. Sept. 10, 2020) (citing *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001)). Courts have "*general jurisdiction* over a nonresident defendant 'to hear any and all claims' if that defendant's contacts with the forum are so 'continuous and systematic' as to render it 'essentially at home' in the forum." *Thomas v. Life Protect 24/7 Inc.*, 559 F. Supp. 3d 554, 560 (S.D. Tex. 2021) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). "Demonstrating that general personal jurisdiction exists is difficult and requires 'extensive contacts between a defendant and a forum.'" *Id.* (quoting *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)). In contrast, "[s]pecific jurisdiction applies when a nonresident defendant 'has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Walk Haydel & Assocs. Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008) (quoting *Panda Brandywine Corp.*, 253 F.3d at 868). Thus, "the defendant's contacts must be more than 'random, fortuitous, or attenuated, or of the unilateral activity of another party or third person.'" *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). "[S]pecific jurisdiction may exist where there are only isolated or sporadic contacts, so long as the plaintiff's claim relates to or arises out of those contacts." *Id.* at 499 (citations omitted).

"Personal jurisdiction, like subject matter jurisdiction, is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Pervasive Software Inc. v. Lexware GmbH & Co. Kg*, 688 F.3d 214, 231–32 (5th Cir. 2012)

(citation omitted) (cleaned up). Thus, "personal jurisdiction claims are 'threshold grounds for denying audience to a case on the merits,' and require that the courts reach the threshold claims before reaching claims on the merits." *Id.* at 232 (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584–85 (1999)). Furthermore, a dismissal for lack of personal jurisdiction does not operate as an adjudication on the merits and is without prejudice. *See ITL Int'l, Inc. v. Café Soluble, S.A.*, 464 F. App'x 241, 244 (5th Cir. 2012) (per curiam) (quoting FED. R. CIV. P. 41(b)).

### ii.    Analysis

To exercise general jurisdiction, Tsvetanov's contacts with the forum state must be so "'continuous and systematic' as to render them essentially at home." *Daimler AG*, 571 U.S. at 127 (collecting cases). The "paradigm" state in which an individual defendant is "at home" is the state of his domicile. *See Arrow Elecs., Inc. v. Firecracker, LLC*, No. 17-cv-895, 2018 WL 1761883, at *2 (E.D. Tex. Apr. 12, 2018) (quoting *Daimler*, 571 U.S. at 137). "Domicile is generally the state in which the non-resident defendant lives and works, though courts also consider factors including 'where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family.'" *Cunningham v. KP Lifestyles, LLC*, No. 20-cv-835, 2021 WL 3852039, at *4 (E.D. Tex. July 15, 2021) (quoting *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996)), *R. & R. adopted*, 2021 WL 3847271 (E.D. Tex. Aug. 26, 2021). In the present case, Tsvetanov contests personal jurisdiction; thus, "it is the plaintiff's burden to establish that *in personam* jurisdiction exists." *See Lahman*, 2018 WL 3035916, at *4. Plaintiff did not respond to the Motion to Dismiss (Dkt. 19). *See* LOC. R. CV-7(d). As such, the Court considers whether the allegations of personal jurisdiction contained in the Complaint (Dkt. 1) are sufficient to make out a *prima facie* case supporting jurisdiction. In the Complaint

(Dkt. 1), Plaintiff asserts that the Court has general jurisdiction over Tsvetanov because he is a citizen of the state of Texas and "live[s]/reside[s] in the eastern judicial district of Texas." Dkt. 1 at 4–5. These are bare bones, conclusory allegations that fail to identify any facts that Tsvetanov is "at home" in Texas. *See Panda Brandywine Corp.*, 253 F.3d at 868 ("Although jurisdictional allegations must be accepted as true, such acceptance does not automatically mean that a prima facie case for specific jurisdiction has been presented."); *Crescent Towing & Salvage Co. v. M/V JALMA TOPIC*, 652 F. Supp. 3d 700, 707–08 (E.D. La. 2023) ("While ordinarily the Court must accept [the plaintiffs'] allegations as true when considering a motion to dismiss, [the plaintiffs'] statement that the technician was certified by [the defendant] is conclusory, without any support, and the Court is not required to credit conclusory allegations."); *Homer v. DNOW L.P.*, No. 16-cv-1210, 2016 WL 3554733, at *4 (E.D. La. June 30, 2016) (finding the plaintiffs failed to make a prima facie showing of jurisdiction when the plaintiff's allegations were bare bones and conclusory). While Plaintiff alleges that Tsvetanov lives in Texas, he fails to identify any of the other factors that courts consider when determining whether a defendant is "at home" in the state. Moreover, the address identified for Tsvetanov in the Complaint (Dkt. 1) is 8050 Dominion Parkway, Plano, Texas. Dkt. 1 at 2. This address is the same address alleged for Capital One Auto Finance, *see* Dkt. 1 at 2, and the Court notes that this address is indeed a commercial address for Capital One.[4] Thus, the Court finds that Plaintiff has not met his burden in establishing that the Court has general jurisdiction over Tsvetanov.

To exercise specific jurisdiction, the defendant must have "purposefully directed [his] activities at the forum state and the litigation results from alleged injuries that arise out of or relate

---

[4] "[A] court may refer to matters of public record when deciding a motion to dismiss." *Lewkut v. Stryker Corp.*, 724 F. Supp. 2d 648, 653 (S.D. Tex. 2010) (citing *Chauhan v. Formosa Plastics Corp.*, 212 F.3d 595, No. 99-20350, 2000 WL 423367, at *1 (5th Cir. 2000)).

to those activities." *Walk Haydel & Assocs. Inc.*, 517 F.3d at 243 (quoting *Panda Brandywine Corp.*, 253 F.3d at 868). The relevant contacts are those the defendant himself creates with the forum state and only "the defendant's contacts with the forum [s]tate itself, not the defendant's contacts with person who reside there," are relevant for this analysis. *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Minimum contacts sufficient to confer specific jurisdiction exist when "the non-resident's purposefully directed activities in the forum [are] such that he could reasonably anticipate being haled into court in the forum state." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010) (citing *Burger King*, 471 U.S. at 474).

Here, Plaintiff fails to establish a *prima facie* case for specific jurisdiction. Apart from the conclusory allegations asserted by Plaintiff regarding the Court's general jurisdiction over Tsvetanov, Plaintiff has alleged no contacts by Tsvetnov with the forum state. *See* Dkt. 1. Plaintiff asserts no act committed by Tsvetanov in the Complaint (Dkt. 1); rather, Plaintiff only alleges that Tsvetanov is the "VP, CFO [of] Capital One Auto Finance." *See* Dkt. 1 at 2. Tsvetanov's alleged role as a corporate representative of Capital One Auto Finance is not enough to establish a *prima facie* case for specific jurisdiction. *See Castillo v. Hands of Compassion Home Care, LLC*, No. 23-cv-168, 2024 WL 1081530, at *5 (W.D. Tex. Mar. 1, 2024) (finding the plaintiff's allegation that the defendant "apparently 'existed' in a CEO role" was "clearly not enough" to establish a *prima facie* case for personal jurisdiction over the defendant). Moreover, Plaintiff has failed to allege that any part of the activities leading to his alleged injury occurred in Texas. *See* Dkt. 1 at 6. Thus, the Court finds that Plaintiff has not met his burden of establishing that the Court has specific jurisdiction over Tsvetanov. *Lahman*, 2018 WL 3035916, at *8 (finding the court "has no basis to exert personal jurisdiction over the [i]ndividual [d]efendants" because the complaint "hardly

mention[ed]" them and failed to plead sufficient facts to show that the court could exert specific jurisdiction over them).

Because the Court does not have general or specific personal jurisdiction over Tsvetanov, Plaintiff's claims against Tsvetanov should be dismissed without prejudice.

**2.    12(b)(5)**

**i.    Legal Standard**

Rule 12(b)(5) permits a challenge to the method of service attempted by the plaintiff, or the lack of delivery of the summons and complaint. FED. R. CIV. P. 12(b)(5); *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 745 (N.D. Tex. 2013). "In the absence of service of process (or waiver of service by the defendant)," courts ordinarily may not exercise personal jurisdiction over defendants. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). The plaintiff has the burden of ensuring that the defendants are properly served with a summons and a copy of the complaint. FED. R. CIV. P. 4(c)(1); *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

For service to be effective, a plaintiff must comply with the requirements of Federal Rule of Civil Procedure 4. *Bowling v. Childress-Herres*, No. 18-cv-610, 2019 WL 4463450, at *6 (E.D. Tex. Aug. 7, 2019), *R. & R. adopted*, 2019 WL 4451122 (E.D. Tex. Sept. 17, 2019). This includes the requirement in Rule 4(m) for service within ninety days of the filing of the lawsuit, although the time for service may be extended upon a showing of good cause. FED. R. CIV. P. 4(m); *Bowling*, 2019 WL 4463450, at *6. "A litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) (citations and footnote omitted); *see also Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (same). District courts have broad discretion in

deciding whether to dismiss an action for ineffective service of process. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) (citing *George v. U.S. Dep't of Lab.*, 788 F.2d 1115, 1116 (5th Cir. 1986)).

In considering a motion to dismiss for lack of service of process, a court may properly look beyond the pleadings to determine whether service was sufficient. *See, e.g., Williams v. Kroger Texas, L.P.*, No. 16-cv-1631, 2016 WL 5870976, at *1 (N.D. Tex. Oct. 6, 2016) (dismissing a case under Rule 12(b)(5) "[a]fter considering the Motion, pleadings, record in this case, and applicable law"); *see also Trombetta v. Novocin*, No. 18-cv-993, 2020 WL 7053301, at *2 (S.D.N.Y. Nov. 24, 2020) (holding a court may look at "affidavits and supporting materials" in considering a motion to dismiss under Rule 12(b)(5) (citation omitted)); *Cutler Assocs., Inc. v. Palace Constr., LLC*, 132 F. Supp.3d 191, 194 (D. Mass. 2015) ("[T]he Court is permitted to look beyond the pleadings and may consider affidavits and other documents to determine whether process was properly served." (citation omitted)).

### ii.    Analysis

Under Rule 4 of the Federal Rules of Civil Procedure, an individual within a judicial district of the United States may be served by:

(1)    following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2)    doing any of the following:

(A)    delivering a copy of the summons and of the complaint to the individual personally;

(B)    leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C)    delivering a copy of each to an agent authorized by appointment or
by law to receive service of process

FED. R. CIV. P. 4(e). This Court is located in the Eastern District of Texas; thus, Plaintiff may effectuate service according to Texas law. Under Texas law, service of summons may be accomplished by (1) delivering to the defendant, in person, a copy of the summons, showing the delivery date, and of the petition; or (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the summons and of the petition. TEX. R. CIV. P. 106(a). The Court will also consider whether service was proper under Virginia law, because Plaintiff attempted to effectuate service on Tsvetanov in Virginia. *See* Dkts. 18 at 1; 19 at 4. Under Virginia law, service of summons may be accomplished "by serving an individual personally; by delivering a copy of the summons and complaint 'and giving information of its purport' to a family member at the defendant's residence who is at least sixteen years old, where the individual is not found at his or her usual place of abode; or by posting a copy of the summons and complaint at the front door of the person's abode." *Chien v. Grogan*, No. 16-cv-1470, 2017 WL 1091504, at *2 (E.D. Va. Mar. 23, 2017) (quoting VA. CODE § 8.01-296).

Here, Plaintiff returned summons as executed on Tsvetanov. *See* Dkt. 18. The process server's affidavit states that service was accomplished "by delivering a conformed copy of the Summons in a Civil Action; Complaint to Akeem Jones as Assistant Manager & Authorized Agent of Pepo Tsvetanov, VP, CFO Capital One Auto Finance at 1680 Capital One Dr., McLean, VA 22102." *Id.* at 1. This affidavit purports to have effectuated service in accordance with Federal Rule of Civil Procedure 4(e)(2)(C), which allows service through "an agent authorized by appointment or by law."

In the Motion to Dismiss (Dkt. 19), Tsvetanov argues that "Plaintiff has not demonstrated that service has been effectuated on . . . Tsvetanov" because the executed summons states it was

16

"delivered to a purported 'authorized agent' of . . . Tsvetanov at a business address in Virginia." Dkt. 19 at 4. The Court understands this argument as challenging Akeem Jones's status as an agent of Tsvetanov, such that executing service through Akeem Jones was improper. To establish an agency relationship under Rule 4(e)(2)(C), "the individual sought to be served must have *actually* authorized another to accept service of process on the would-be principal's behalf; delivery to a purported agent does not constitute service on the would-be principal, even if the 'agent' represents himself to be so authorized or accepts service." *Wagster v. Gauthreaux*, No. 12-11, 2013 WL 5554104, at *2 (M.D. La. Oct. 7, 2013) (emphasis in original) (quoting *O'Meara v. New Orleans Legal Assistance Corp.*, No. 90-4893, 1991 WL 110401, at *2 (E.D. La. June 10, 1991)). Plaintiff did not file a response to the Motion to Dismiss (Dkt. 19), creating a presumption that he does not controvert that Akeem Jones is not an agent of Tsvetanov. *See* LOC. R. CV-7(d). Further, while the executed summons purports to have been served on Tsvetanov's agent, it fails to establish that the purported agent was actually authorized to accept service of process on behalf of Tsvetanov. *See Wagster*, 2013 WL 5554104, at *2. Thus, the Court finds that Plaintiff has failed to carry his burden of showing that he properly served Tsvetanov. *See id.* (finding the plaintiffs failed to carry their burden when an agency relationship was not established between defendant and his purported agent); *Tijerina v. City of San Antonio*, No. 23-cv-916, 2024 WL 626620, at *3 (W.D. Tex. Feb. 1, 2024) (same).

While insufficient process under Rule 4 is a grounds for dismissal, the court may exercise its discretion to quash service and give the plaintiff an additional opportunity to serve the defendant. *See Bailey v. AT&T Corp./Headquarters*, No. 16-cv-1464, 2017 WL 1178310, at *2 (N.D. Tex. Mar. 29, 2017); *Davis v. Lee*, No. 23-cv-1056, 2024 WL 3216197, at *6 (W.D. La. June 12, 2024), *R. & R. adopted*, 2024 WL 3208859 (W.D. La. June 27, 2024). "[S]ervice generally

will be quashed and the action preserved in those situations in which there is a reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1354 (4th ed. 2024). "Dismissal may be appropriate only if 'there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant.'" *Neely v. Khurana*, No. 07-cv-1344, 2008 WL 938904, at *2 (N.D. Tex. Apr. 7, 2008) (quoting *Grant-Brooks v. Nationscredit Home Equity Servs. Corp.*, No. 01-cv-2327, 2002 WL 424566, at *4 (N.D. Tex. Mar. 15, 2002)). "Relevant factors for a court to consider in exercising its discretion to quash service or dismiss the complaint include the plaintiff's *pro se* status and good faith attempt to effect service." *Id.* (citing *Monroe v. Tex. Utils. Co.*, No. 01-cv-1012, 2002 WL 413866, at *2 (N.D. Tex. Mar. 11, 2002)).

Here, Plaintiff is proceeding *pro se* and appears to have attempted service in good faith. Further, the Court is recommending that Plaintiff be given leave to file an amended complaint to remedy the personal jurisdiction deficiencies identified herein. *See infra* Section II.C. Therefore, the Court finds that in the event Plaintiff is able to amend the complaint to allege a *prima facie* case of personal jurisdiction over Tsvetanov, then he should also be given the opportunity to properly serve Tsvetanov. Accordingly, the prior service attempt should be quashed.

For all of the reasons set forth above, the Court recommends that the Motion to Dismiss (Dkt. 19) be granted in part and denied in part. Specifically, the Court recommends that the Motion to Dismiss (Dkt. 19) be granted to the extent it seeks to dismiss the Complaint (Dkt. 1) pursuant to Rule 12(b)(2) and to quash service pursuant to Rule 12(b)(5) and denied as moot to the extent it seeks to dismiss the Complaint (Dkt. 1) pursuant to Rule 12(b)(1) and 12(b)(6).

C.    **Leave to Amend**

A "plaintiff's failure to meet the specific pleading requirements should not automatically or inflexib[ly] result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted). Further, a *pro se* litigant should generally be offered an opportunity to amend his complaint before it is dismissed. *Brewster*, 587 F.3d at 767–68 (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). While leave to amend should be "freely given, that generous standard is tempered by the necessary power of a district court to manage a case." *Strickland v. Bank of N.Y. Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) (citing *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)). Thus, "[g]ranting leave to amend is not required . . . if the plaintiff has already pleaded his 'best case.'" *Id.* at 768 (quoting *Bazrowx*, 136 F.3d at 1054). The Court can deny leave to amend where such an amendment would be futile. *See, e.g.*, *Isom v. U.S. Dep't of Homeland Sec.*, No. 20-cv-948, 2021 WL 2232052, at *3 (E.D. Tex. Apr. 28, 2021), *R. & R. adopted*, 2021 WL 2224345 (E.D. Tex. June 2, 2021).

In the present case, the Court finds that permitting Plaintiff to amend the Complaint is warranted. Plaintiff is proceeding *pro se*, and this is the first time the Court has addressed the sufficiency of his allegations. In addition, the deficiencies identified herein may be rectified by additional allegations. For example, Plaintiff may identify the multiple actual or potential conflicting claims from Defendants supporting his request for interpleader. Furthermore, if Plaintiff does not intend to bring a claim for interpleader, he may instead state a claim for the other causes of action he identified in the Complaint—violations of TILA, fraud, nondisclosure, and illegal conversion. The Court also finds that Plaintiff's failure to make out a *prima facie* case of personal jurisdiction as to Tsvetanov may be cured in an amended complaint because Plaintiff may

be able to provide additional facts that establish Tsvetanov is "at home" in Texas or that Tsvetanov committed acts giving rise to this lawsuit in Texas. Therefore, the Court recommends that Plaintiff be given leave to amend the Complaint.

**D.    Summary Judgment**

In the Motion for Summary Judgment (Dkt. 21), Plaintiff asserts he "is entitled to relief in this equitable claim" because Defendants "are estopped for failure to respond to original administrative process," and Plaintiff "has placed the facts and law before this honorable Court." Dkt. 21 at 4. Upon consideration, the Court finds that summary judgment is improper at this juncture. First, the Court has recommended that the Complaint (Dkt. 1) be dismissed because Plaintiff's threadbare, conclusory, vague, and unspecific assertions are insufficient to state a claim upon which relief may be granted. *See supra* Section II.A.2. The Motion for Summary Judgment (Dkt. 21) is similarly without merit because it, too, is plagued with vague and conclusory statements precluding the Court from determining the basis upon which Plaintiff seeks the Court's judgment. This alone merits a denial of the Motion for Summary Judgment (Dkt. 21). *See Lynn v. Stephens*, No. 13-cv-4735, 2014 WL 308152, at *2 (N.D. Tex. Jan. 28, 2014) (denying summary judgment pursuant to a finding that the plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915).

Moreover, the Court further finds that the Motion for Summary Judgment (Dkt. 21) should be denied because it is procedurally deficient. First, Plaintiff does not include a separate "statement of the issues to be decided" or "Statement of Undisputed Material Facts" as required by Local Rule CV-56(a). *See* Dkt. 21. Plaintiff does have a section titled "Statement of the Facts"; however, this section merely recites the procedural history of the case. Dkt. 21 at 2–4. Second, Plaintiff does not attach any evidence to the Motion for Summary Judgment (Dkt. 21) as required by Local

Rule CV-56(a) and (d). *See* Dkt. 21. Instead, Plaintiff appears to rely upon evidence attached to other docket entries without appropriate citation to such evidence. *See id.* These procedural deficiencies also support denial of the Motion for Summary Judgment (Dkt. 21).

Finally, this case is still in its infancy. Plaintiff has not yet properly served Defendants with process. Accordingly, Capital One Auto Finance and Toyota of North Miami have not yet made their appearance and Tsvetanov has only made a special appearance to challenge service and personal jurisdiction. *See* Dkt. 19. Further, the Court has not yet held a scheduling conference and no discovery has taken place. *See Arc Controls, Inc. v. M/V NOR GOLIATH*, No. 19-cv-391, 2020 WL 1678237, at *1 (S.D. Miss. Apr. 6, 2020) ("Although Rule 56(b) allows a summary judgment motion to be made 'at any time,' 'courts routinely deny motions for summary judgment as premature when discovery over relevant matters is incomplete.'" (citations omitted)). Thus, any determination of the merits of Plaintiff's claims is premature. *See id.* (denying summary judgment without prejudice because the defendants had not yet had an opportunity to conduct discovery before responding to the summary judgment motion); *LiquidPower Specialty Prods. Inc. v. Baker Hughes Holdings LLC*, No. 15-cv-2915, 2023 WL 5534198, at *3 (S.D. Tex. July 27, 2023) (same), *R. & R. adopted sub nom. Liquidpower Specialty Prods. v. Baker Hughes*, No. 15-cv-2915, 2023 WL 5532189 (S.D. Tex. Aug. 25, 2023). For this reason, in addition to the reasons stated above, the Court recommends that the Motion for Summary Judgment (Dkt. 21) be denied without prejudice.

## III.    RECOMMENDATION

For the foregoing reasons, the Court recommends the Complaint (Dkt. 1) be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B).

The Court further recommends that the Motion to Dismiss (Dkt. 19) be **GRANTED IN PART** and **DENIED IN PART**. The Motion to Dismiss (Dkt. 19) should be granted to the extent it seeks to dismiss the Complaint (Dkt. 1) pursuant to Rule 12(b)(2) and to quash service pursuant to Rule12(b)(5) and denied as moot to the extent it seeks to dismiss the Complaint (Dkt. 1) pursuant to Rule 12(b)(1) and 12(b)(6).

The Court further recommends that the Motion for Summary Judgment (Dkt. 21) be **DENIED WITHOUT PREJUDICE**.

The Court further recommends that Plaintiff be given leave to file an amended complaint rectifying the deficiencies identified herein no later than fourteen (14) days after the entry of the Memorandum Adopting Report and Recommendation, if any. If Plaintiff fails to timely file an amended complaint, Plaintiff's claims should be dismissed with prejudice.

The Court further recommends that the original attempt at service on Tsvetanov be **QUASHED**, and Plaintiff be given **thirty (30) days** from the date the amended complaint is filed to properly serve Tsvetanov.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*,

474 U.S. 140, 148 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 26th day of July, 2024.**

_____

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE